## IN THE COURT OF APPEALS OF IOWA

No. 15-1159
Filed June 29, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**AKEEN ELIJAH PORTE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Boone County, James B. Malloy, District Associate Judge.


        Akeen Porte appeals his guilty plea and sentence to operating while intoxicated, third offense, alleging ineffective assistance of counsel. **AFFIRMED.**


        Shawn Smith of Shawn Smith, Attorney at Law, P.L.L.C., Ames, for appellant.

        Thomas J. Miller, Attorney General, and Kelli A. Huser and Kevin R. Cmelik, Assistant Attorneys General, for appellee.


        Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

Akeen Porte pled guilty to operating while intoxicated, third offense, and was sentenced. He has appealed, arguing two brief points: (1) trial counsel was ineffective in failing to file a motion in arrest of judgment, claiming his plea was not knowing and voluntary and (2) trial counsel was ineffective in failing to inform Porte of the immigration consequences of his guilty plea.

The first issue hinges on resolution of the second issue because his knowing-and-voluntary claim is that he was not adequately informed of the immigration consequences of his guilty plea. Counsel is required to advise a criminal defendant client "whether his [or her] plea carries a risk of deportation." *Padilla v. Kentucky*, 559 U.S. 356, 374 (2010). When an attorney fails to do so, counsel breaches an essential duty. *Id.* at 370-71; *see also Strickland v. Washington*, 466 U.S. 668, 687-91 (1984). In order to prevail on a claim of ineffective assistance of counsel, Porte must also show he was prejudiced. *Padilla*, 559 U.S. at 374.

On the record before us, we cannot determine what advice or counsel Porte's attorney gave him. So, we cannot determine whether counsel breached a duty and, if so, whether Porte was prejudiced. Accordingly, we affirm Porte's conviction and preserve his ineffective-assistance-of-counsel claims for postconviction relief.

**AFFIRMED.**